**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| LocalEdge Insurance Agency, Inc., | : | Case No. 1:25-cv-526 |
| f/k/a/ NBS Insurance Agency, Inc., | : | |
|     Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
|     vs. | : | |
| | : | Order Denying Motion for Default |
| Milagros Linares, Francisco Linares, | : | Judgment; Setting Aside Entry of Default; |
| and Linares Insurance Agency, | : | Granting Extension of Time to Perfect |
|     Defendants. | : | Service |
| | : | |

This matter is before the Court on the Motion for Default Judgment filed by Plaintiff

LocalEdge Insurance Agency, Inc., f/k/a NBS Insurance Agency, Inc. ("LocalEdge") following

the Clerk's Entry of Default.  (Docs. 13, 11.)  For the reasons that follow, the Motion will be

denied, and the Entry of Default will be set aside.  Plaintiff will be granted a 60-day extension

of time to perfect service.

**I.    BACKGROUND**

**A.  Complaint Allegations**

According to the allegations in the Complaint, Plaintiff LocalEdge is a Cincinnati-based

insurance wholesale brokerage company incorporated in Ohio, with its principle place of

business in Terrace Park, Ohio.  (Doc. 1 at PageID 1–2.)  LocalEdge filed a Complaint on July

29, 2025 alleging that it entered into a Nationwide Brokerage Solutions Brokerage Operating

Agreement with Defendants Milagros Linares, Francisco Linares, and Linares Insurance Agency,

Inc., an insurance brokerage company incorporates in California with its principle place of

business in Torrance, California, in 2020.  (*Id*.)  LocalEdge asserts that Section 7(A) of the

Operating Agreement provides that Defendants cannot retain overpaid commissions and must

return them.  (*Id*.)  LocalEdge alleges it overpaid $441,673.90 in commissions to Defendants from 2020 to 2024.  (*Id*. at PageID 2.)  Despite multiple requests, Defendants refused to return any of the overpaid commissions.  (*Id*.)  Plaintiff asserts two claims: (1) breach of contract and (2) unjust enrichment.  (*Id*. at PageID 4–5.)

### B.  Procedural History

Plaintiff initiated this lawsuit on July 29, 2025.  Plaintiff hired Nathan Willingham with George Sano Investigations and Process Servers to serve Defendants after it was unable to obtain waiver of service.  (Willingham Aff., Doc. 17-4.)  On October 2, 2025, Willingham served Defendants at the address for Linares Insurance Agency, 23505 Crenshaw Boulevard, #225, Torrance, California 90505, with an individual named Adrian Ramirez, who identified himself as Defendants' associate and was present in an office bearing the name "Linares Insurance Agency."  (*Id*. at PageID 110.).  Willingham took a photo which depicted a plaque for the suite of "Linares Insurance Agency."  (*Id*. at PageID 111.)

Summons were returned as executed on October 10, 2025.  (Docs. 7, 8, 9.)  The Proof of Service for each Defendant references service upon Adrian Ramirez on Thursday, October 2, 2025 and is signed by Nathan Willingham, Process Server.  (*Id.*)  Pursuant to Rule 55 of the Federal Rules of Civil Procedure, because Defendants Milagros Linares, Francisco Linares, and Linares Insurance Agency had not timely filed a pleading responsive to Plaintiff's Complaint, the Court entered an Entry of Default on November 17, 2025.  (Doc. 11.)

On November 24, 2025, Francisco Linares, purportedly on behalf of himself as well as his co-Defendants, Linares Insurance Agency and Milagros Linares, filed a letter with the Court

entitled "Re: Answer to your frivolous lawsuit" in which he requests documents and complains that he received legal documents after returning from being out of the country for "a couple of months." (Doc. 12.) On December 12, 2025, Plaintiff filed a Motion for Default Judgment against all three Defendants.[1] (Doc. 13.) Plaintiff seeks $441,673.90, plus pre-judgment interest, post-judgment interest, and attorneys' fees. (*Id.*) In support of its Motion for Default Judgment, Plaintiff filed an Affidavit of Ted Stuckey, Local Edge's President, attesting to the damages in this case. (Doc. 15-1.)

On January 6, 2025, Francisco Linares filed a Response to Plaintiff's Motion. (Doc. 16.) The Court construes Defendant Francisco Linares as having filed a Motion to set aside the Entry of Default. Plaintiff filed a Reply (Doc. 18), and Francisco Linares filed a "Reply" and request for dismissal and/or a request for an extension of time "for the plaintiff to come up with the items requested by me in previous correspondence[.]" (Doc. 19 at PageID 113.)

## II.     LAW AND ANALYSIS

"The court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). The court examines three factors to determine whether good cause exists for setting aside an Entry of Default. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011). These are: (1) whether the default was willful, (2) whether setting aside the entry of default would prejudice plaintiff, and (3) whether the alleged defense is meritorious. *Id.* (citing *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir. 1983)). Any doubt

---

[1] The Motion was refiled as Document 15 on December 15, 2025 due to non-compliance with S.D. Ohio L.R. 5.1(c).

3

should be resolved in favor of the motion to set aside the Entry of Default "so that cases may be decided on their merits."  *United Coin Meter Co.,* 705 F.2d at 846 (internal quotation marks omitted).

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."  *Dassault Systemes, SA*, 663 F.3d at 841 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir. 1986)).  As to the second prong, the relevant inquiry focuses on the future prejudice that will result from setting aside the Entry of Default, not prejudice that has already resulted from the Defendant's conduct.  *Id.* at 842 (citing *Berthelsen v. Kane,* 907 F.2d 617, 620–21 (6th Cir. 1990)).  Delay, in and of itself, is not a sufficient basis for establishing prejudice.  *Id.* at 842 (citing *INVST Fin. Grp, Inc. v. Chem-Nuclear Sys, Inc.,* 815 F.2d 391, 398 (6th Cir. 1987)) (internal quotation marks omitted).  Instead, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  *Id*. (quoting *INVST Fin. Grp,* 815 F.2d at 398 (internal quotation marks omitted)).  Nor do increased litigation costs generally support an Entry of Default.  *Id*. (citing *United States v*. *$22,050 Currency,* 595 F.3d 318, 325 (6th Cir. 2010)).  Finally, a defense is "meritorious" so as to satisfy the third element if the defense is "good at law."  *Id*. at 843 (quoting *$22,050,* 595 F.3d at 326).  The test is not whether a defense is likely to succeed on the merits; rather, the test is whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."  *Id.* (quoting *$22,050,* 595 F.3d at 326).

4

On November 24, 2025, Defendant Francisco Linares attempted to file an Answer on behalf of himself and co-Defendants Milagros Linares and Linares Insurance Agency. (Doc. 12.) He asserts that he returned from being out of the country for months to find legal documents and seeks to protect his legal rights. (*Id.* at PageID 63.) He claims that he never had a contractual agreement with NBS or LocalEdge and does not know who they are. (*Id.*) He asserts he was under no contractual obligation to pay back commissions supposedly issued to the Linares Insurance Agency, and that Linares Insurance Agency never received a commissions statement nor a 1099 at the end of the year. (*Id.*) He asserts: "Had this occurred we would have fixed the confusion in time, rather than to let it go 4 years." (*Id.*) He asks for discovery documents including commission statements, 1099s, electronic bank deposits with account number, and accepted executed agency agreement with producer number. (*Id.*)

After Plaintiff's Motion for Default Judgment was filed, Francisco Linares filed what the Court will liberally construe as an attempt to set aside the Entry of Default entered in this case. (Doc. 16.) He asserts that there is no contract between the parties and that the case is based upon an application submitted in 2020 that was turned down and not accepted. (*Id.* at PageID 96.) He seeks discovery as well as proof of proper service. (*Id.* at PageID 97.) He asserts that service was not proper in this case as he was out of the country from September 15, 2025 to November 15, 2025 and moved partial operations to a different location. (*Id.*)

## A. Service

Francisco Linares argues that service was improper, whereas Plaintiff asserts service was properly obtained under Federal Rule 4(e)(1) and 4(h)(1)(A) as well as California law. Federal

Rule 4 states in relevant part:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> **(2)** doing any of the following:
> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
>
> * * *
>
> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> **(1)** in a judicial district of the United States:
> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
> **(2)** at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(e), (h).   Thus, Federal Rule 4 designates that both individuals and corporations

may be served in accordance with state law of the jurisdiction where service is being effectuated.

Plaintiff identifies the following California service statute as relevant:

> (a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and

6

complaint during usual office hours in the person's office or, if no physical address is known, at the person's usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.   When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a).   While it is clear that Plaintiff attempted service with Adrian Ramirez at the address associated with Linares Insurance Agency, it is unclear from Plaintiff's filings whether Adrian Ramirez was over 18 years of age at the time Willingham attempted service in this case.   Further, Francisco Linares claims that his business operations moved in part.   It is also not clear if Plaintiff did the required mailing to all Defendants as required by California law.   Thus, the Court is not satisfied that service has been perfected in this case; however, it is also mindful that Defendants simultaneously may be evading service.

The Court may grant an extension of time for service of process for good cause shown under Federal Rule 4(m).   Plaintiff has attempted to serve Defendants in good faith and has outlined conduct which indicates Defendants may be evading service in this case.   (*See* Doc. 17 at PageID 100.)   **For good cause shown, the Court, therefore, grants a 60-day extension of time for Plaintiff to perfect service in this case**.

### B.   Setting Aside Entry of Judgment

Further, the Court is satisfied that Francisco Linares has met the relatively liberal standard to set aside the Entry of Default in this case.   As Francisco Linares attempted to file responsive pleadings and asserts that he was out of town and improperly served, his late response

does not indicate an intent to thwart or reckless disregard for judicial proceedings.   There is no apparent prejudice to Plaintiff beyond having to prosecute the case.

Francisco Linares also attempted to file an Answer on behalf of himself and his co-Defendants, which denies the allegations and sets forth various defenses that are "good at law"—a "relatively lenient" standard.   *Id.*   All of the *United Coin Meter Co.* factors weigh in favor of setting aside the Entry of Default.

However, as Plaintiff points out, neither Milagros Linares nor Linares Insurance Agency may be represented by Francisco Linares.   While the individuals may proceed *pro se*, in which case the Court directs them to the *pro se* resources on its website (http://www.ohsd.uscourts.gov/pro-se), which includes a Guide For Pro Se Civil Litigants, an organization may not represent itself *pro se*.   "We have long recognized, under 28 U.S.C. § 1654, that plaintiffs in federal court may not 'appear pro se where interests other than their own are at stake.'"   *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (italicization omitted)).   "The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent."   *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (quotation marks and citations omitted).   This is why, "under longstanding tradition, 'a corporation can only appear by an attorney.'"   *Id.* (quoting *Osborn v. Bank of U.S.*, 22 U.S. 9 Wheat. 738, 829, 6 L. Ed. 204 (1824)); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970); *see also Sanchez v. Walentin*, 526 F. App'x 49, 51 (2d Cir. 2013) (quoting *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983)

8

(characterizing this rule as "venerable and widespread")).

Francisco Linares, if he chooses to proceed *pro se*, may only represent his own interests in this case.   Further, Linares Insurance Agency is put on notice that it must file a Notice of Appearance by counsel, and is not permitted to proceed *pro se* in this action.

In view of the foregoing, Plaintiff is granted a 60-day extension of time to perfect service of process in this case.   Defendants shall have 30 days from the date of service to file an Answer.   Defendants are cautioned that any individual choosing to proceed *pro se* in this action may only represent his or her own interests.   A corporation may not proceed *pro se* and must appear through counsel in this action.   Failure to follow the rules of this Court may result in sanctions.

Defendant's Motion for Default Judgment (Doc. 13) is **DENIED** without prejudice to refiling for failure by any Defendant to file an Answer compliant with Federal Rule of Civil Procedure 8 within 30 days of service of process.   The Clerk is **DIRECTED** to **VACATE** the Entry of Default (Doc. 11).

Defendants are put on notice that failure to file an Answer and participate in this case after being served may result in an Entry of Default and the Court granting a renewed Motion for Default Judgment in this case.

Date: <u>April 2, 2026</u>                       S/Susan J. Dlott_____
                                                 Susan J. Dlott
                                                 United States District Judge

9